UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WOOTERS, ) | |
| ) | Case No. 08 C 1438 |
| Plaintiff, ) | |
| ) | Judge Gettleman |
| v. ) | |
| ) | Magistrate Judge Schenkier |
| DEPUTY DYMEK and OFFICER MINDY ) | |
| SASSEN, individually, ) | Jury Demand |
| ) | |
| Defendants. ) | |

### JOINT STATUS REPORT

NOW COMES the Plaintiff, MICHAEL WOOTERS, by and through one of his attorneys, David S. Lipschultz of Gregory E. Kulis and Associates, and the Defendants, DEPUTY DYMEK and OFFICER MINDY SASSEN, by and through their attorneys, David J. Flynn of Querrey & Harrow, Ltd., and for their Joint Status Report, state as follows:

**1. The date and time this matter is set for a status report before the Court.**

August 27, 2008, at 9:00 a.m.

**2. The attorneys of record for each party including the attorney(s) expected to try the case.**

For Plaintiff:

Gregory E. Kulis (expected to try the case)
David S. Lipschultz (expected to try the case)
Kathleen C. Ropka
Shehnaz I. Mansuri
Ronak D. Patel
*Gregory E. Kulis and Associates*

For Defendants:

Paul A. O'Grady (expected to try the case)
David J. Flynn (expected to try the case)

1

Dominick L. Lanzito
*Querrey & Harrow, Ltd.*

**3.     The basis for federal jurisdiction:**

28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights)

**4.     Whether a jury has been requested and by which parties.**

A jury has been requested by all parties.

**5.     The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case:**

One claim: 42 U.S.C. § 1983 Excessive Force.

No expected counterclaims.

Plaintiff claims that on January 19, 2007, he was located at his residence in Wilmington, Illinois, when the Defendant Officers arrived to take him into custody for a crime the Plaintiff allegedly committed. The Plaintiff claims that without provocation, Defendant Dymek physically attacked the Plaintiff, causing him injuries. The Plaintiff claims that Defendant Sassen failed to intervene as Defendant Dymek attacked the Plaintiff. The Defendants deny the allegations.

**6.     The relief sought by any party, including computation of damages, if available.**

The Plaintiff seeks judgment against the Defendants in an amount in excess of $50,000.00 in compensatory damages and $10,000.00 in punitive damages, plus attorney fees and costs.

No computation of damages is available at this time.

**7.     The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.**

None.

**8.    The principal legal issues.**

The objective reasonableness of the force used by the Defendants against the Plaintiff.

**9.    The principal factual issues, including the parties' respective positions on those issues.**

    (a)    The Plaintiff's and the Defendants' conduct on the date of the incident.

        (i)    The Plaintiff alleges that he did not commit any act to cause the Defendants to use physical force upon him on the date of his arrest.

        (ii)    The Defendants allege that no force was used by them upon the Plaintiff or that any force used was objectively reasonable.

    (b)    The nature of the force, if any, used by the Defendants.

    (c)    The nature and extent of the physical injuries and damages, if any, suffered by the Plaintiff.

The Plaintiff claims the following physical injuries, among others: facial contusion, shoulder contusion/abrasion, hydrocele/varilocele with hemorrhage, scrotum contusion.

**10.    A brief description of all anticipated motions.**

None at this time.

**11.    A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.**

The parties have tendered Rule 26(a)(1) disclosures.

The parties have tendered written discovery request pursuant to Rules 33 and 34.

No depositions have been taken.

Proposed discovery cutoff (fact and expert): Fact by 1/31/09, Expert by 3/31/09.

**12.**   **The earliest date the parties will be ready for trial and the probable length of trial.**

May 2009.  At this time, the length of the trial is expected to be between 3 and 5 days.

**13.**   **The status of any settlement discussions and whether a settlement conference would be appropriate.  In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution, and to briefly set forth the results of such consideration and discussion.**

The parties believe written discovery and certain depositions need to be completed in order to engage in meaningful settlement discussions.  The parties do not request a settlement conference at this time.

**14.**   **Whether the parties will consent to trial before a magistrate judge.**

Not at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ David S. Lipschultz | /s/ David J. Flynn |
| Gregory E. Kulis and Associates | Querrey & Harrow, Ltd. |
| For the Plaintiff | For the Defendants |
| ARDC No. 6277910 | ARDC No. 6204228 |

David S. Lipschultz
Gregory E. Kulis and Associates
30 N. LaSalle Street, Suite 2140
Chicago, IL  60602
Telephone: 312-580-1830
ARDC No. 6277910